UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MONTE WILLIAM ROWE,

                      Petitioner,                    Case No. 2:16-cv-11350

v.

CATHERINE S. BAUMAN,

                      Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND STAYING PETITION FOR WRIT OF HABEAS CORPUS**

      This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Monte William Rowe pleaded guilty to armed robbery, first-degree home invasion, felon in possession of a firearm, and commission of a felony with a firearm. On August 28, 2013, the Oakland County Circuit Court sentenced Petitioner to ten to forty years for the armed robbery and home invasion convictions, six to forty years for the felon-in-possession conviction, and a consecutive two years for the felony firearm conviction. The *pro se* petition appears to raise two claims: (1) Petitioner was over-charged because there was insufficient evidence to support the charges, and (2) Petitioner was denied his right to appeal when his appellate attorneys took no action in the state courts. (Dkt. # 1.)

      Respondent has filed a motion to dismiss the petition, arguing that Petitioner did not exhaust his state court remedies. (Dkt. # 9.) Petitioner did not file a response to the motion. For the reasons that follow, the Court will find that while Petitioner has not

satisfied the exhaustion requirement, ordinarily justifying dismissal, the Court will instead stay the case and hold the petition in abeyance in light of concerns presented by the statute of limitations.

## I.  BACKGROUND

Following his conviction and sentence, the trial court granted Petitioner's request for appellate counsel and appointed attorney Laura Kelly Young to represent him. Young took no action on the appeal and, on July 11, 2014, the trial court granted her motion to vacate her appointment.

The trial court then appointed the State Appellate Defender's Office to represent Petitioner. But on September 8, 2014, that office withdrew from representation because of a conflict of interest. The trial court then appointed Nicholas Bostic on September 24, 2014, but Bostic likewise failed to file any appellate papers on behalf of Petitioner.

On January 20, 2015, attorney Gerald Lorence, citing the previous three attorneys' failure to file an appeal, filed a motion in the trial court to restore Petitioner's appellate rights. On January 28, 2015, the trial court issued an order stating that Petitioner "shall have the right to challenge his plea by way of a motion to withdraw his guilty plea pursuant to [Michigan Court Rule 6.610(E)(8)(a)(b)] within 90 days[.]" (Dkt. #10-12.)   Lorence, however, failed to file the motion to withdraw the plea.

Petitioner then filed a second motion to reinstate his appellate rights, this time through his retained counsel Nacole Hurlbert, on October 26, 2015. (Dkt. # 10-13.) The trial court denied the motion on December 9, 2015. (*See* Dkt. # 10-16.) Petitioner filed a motion for reconsideration, which the trial court denied on January 21, 2016. (*Id.*)

According to the trial court's docket sheet, no motion to withdraw Petitioner's plea

or other substantive motion for post-conviction relief was ever filed. (Dkt. # 10-1.) Furthermore, according to the Clerk of the Michigan Court of Appeals, Petitioner has not attempted to seek appellate relief in that court. (Dkt. # 10-17.)

## II. DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See *Welch v. Burke*, 49 F. Supp.2d 992, 998 (E.D. Mich. 1999) (Cleland, J.); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Petitioner has not exhausted his state court remedies because he never presented his habeas claims to any state court. Furthermore, it appears that Petitioner still has a state court remedy available to him because he may still file a motion for relief from judgment in the trial court raising his habeas claims. See MCR 6.501, *et seq.*

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are normally directed to dismiss petitions containing unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations, see 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. In light of this dilemma, a federal district court has discretion to stay a

petition raising unexhausted claims to allow a petitioner to present those claims to the state courts and then return to federal court. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only when the one-year statute of limitations poses a concern, the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

The statute of limitations is plainly a concern here. The one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the time for seeking direct review appears to have expired on or about April 28, 2015, when the 90-day period for a filing a motion to withdraw Petitioner's plea expired under the terms of the trial court's January 28, 2015, order. The instant case was filed on April 13, 2016, mere weeks before expiration of the limitations period. As a result, dismissal without prejudice in order to allow Petitioner to exhaust his state court remedies would likely foreclose future habeas review.

Moreover, it appears that Petitioner has not engaged in intentionally dilatory litigation tactics and that he has shown "good cause" for failing to exhaust his claims. He requested the appointment of appellate counsel following his conviction and sentence, yet none of the nearly half-dozen lawyers appointed or retained ever pursued appellate relief on his behalf. And, due to the complete absence of a state appellate record, the Court is unable to conclude whether Petitioner's habeas claims are plainly meritless. The Court therefore finds that it is not an abuse of discretion to stay this case while

Petitioner exhausts his state court remedies.

Where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by Petitioner, the court will impose time limits within which he must proceed with his state court post-conviction proceedings. See *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). This order is conditioned upon Petitioner diligently pursuing relief in the state courts by filing a motion for relief from judgment in the trial court under Michigan Court Rule 6.501, *et seq.*, and then pursuing timely appeals in the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner may then return to federal court within sixty (60) days of completing the exhaustion of his state post-conviction remedies. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

### III. CONCLUSION

IT IS ORDERED that Respondent's Motion to Dismiss (Dkt.. # 9) is DENIED.

IT IS FURTHER ORDERED that the petition shall be held in abeyance pending completion of Petitioner's state post-conviction review proceedings. This order is conditioned upon Petitioner filing a motion for relief from judgment in the trial court within sixty (60) days of this order, timely appealing any denial of his motion for relief from judgment through the Michigan appellate courts, and then re-filing his habeas petition—using the case number already assigned to this case—within sixty (60) days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court further ORDERS the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related

docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

IT IS FURTHER ORDERED that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

           s/Robert H. Cleland
           ROBERT H. CLELAND
           UNITED STATES DISTRICT JUDGE

Dated: January 18, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 18, 2017, by electronic and/or ordinary mail.

           s/Shawna C. Burns
           Case Manager Generalist
           (810) 984-2056